M’Girk, C. J.,
delivered the opinion of the Court.’
This is an action of debt on a bill, single obligatory; oyer is craved of the bond j and it reads, we or either of us promise to pay, &c.; it is sealed and executed by the signature of Yanzant & Co.; then there is a general demurrer, and the demurrer sustained, and judgmenffor the defendant. Error is brought — the assignment is general.
The question here is, is this the several obligation of Vanzant? The law, as found in 6 Sac. on obligations, p. 168, is thus laid down: A. executed a bond, as the joint and several bond of himself and his partner 3., and signs it A. & B., having no authority from B. to do so. The bond is good, as the several bond of -B., and so, if the bond is joint in terms, 2 Bos. & Pul. 338; and in same page of Sacon^ it is said, if one of the three joint obligors is sued, he must taire advantage of it by pleading in abatement; for, if he demand oyer and demurs, the plaintiff shall have judgment, for the Court will presume the other, never sealed it; and they will presume the like, unless the plea state the others did actually seal it.
By the above authority, if Yanzant in fact executed this bond, it is his several bond; and if some one of the company signed this bond, in the way it appears to be signed, without authority, Vanzant must plead non est factum, to avail himself of that.
Judgment of the Circuit Court reversed, and judgment for plaintiff with costs, &c.